UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-24532-MGC

JOSE ANTONIO GOVANTES, and all others
Similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

UNLIMITED HEIGHTS SCAFFOLD
SERVICES, LLC,
RICARDO MARTINEZ
JANETTE MARTINEZ,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, RICARDO MARTINEZ, and JANETTE MARTINEZ (collectively referred to hereinafter as "Defendants") by and though undersigned counsel and pursuant to this Honorable Court's Order, [*D.E. 8*], hereby file their Response in Opposition to Plaintiff's Statement of Claim, as follows:

On November 5, 2018, Plaintiff filed his Statement of Claim. *D.E. 9*. Plaintiff alleges that he worked as an employee of Unlimited Heights Scaffold Services, LLC, during the Relevant Time Period from October 29, 2015 through October 29, 2018, for a total 156 weeks. *Id*. Plaintiff claims to have worked alternating weeks consisting of fifty (50) hours one week and fifty-seven (57) hours the next week, respectively, at an hourly rate of $16.00. *Id*. Plaintiff alleges that he is owed ten (10) hours of overtime wages at time-and-one-half his regular hourly rate for the first alternating week of each pay period. Plaintiff also alleges he is owed seven (7) hours overtime wages at half-time his regular hourly rate for the second alternating

week of each pay period, for a period of one hundred fifty-six (156) weeks. *Id.* In total, Plaintiff seeks $75,776.00 in damages, exclusive of attorney's fees and costs.

Defendants dispute that Plaintiff performed **any** work for Defendants in 2015 and accordingly deny that any overtime violations alleged within Plaintiff's Complaint and Statement of Claim ever occurred during that time period.[1] *D.E. 1; D.E. 9.* Plaintiff began performing work for Defendants in February 2016 and worked through July 1, 2016, when he was terminated from the job. Plaintiff was then rehired by Defendants on July 11, 2016, and worked from July 11, 2016, through October 21, 2016.[2] On October 21, 2016, Plaintiff resigned from his employment with Defendants. Plaintiff did not work for Defendants from October 21, 2016, until he re-commenced his employment with Defendants on January 23, 2017. In 2016, Plaintiff could only ever prove that he is owed compensation for thirty (35) weeks in 2016.

Documents produced by Plaintiff *himself* to Defendants indicate that his hourly rate was not $16.00 per hour for all periods of employment. Plaintiff's regular hourly rate of pay was $11.00 per hour from February 2016 through September 2016, $12.00 per hour from August 2016 through January 2017, $13.00 per hour beginning February 2017, $14.00 per hour from March 2017 through September 2017, $15.00 per hour from October 2017 through April 2018, and finally, $16.00 per hour thereafter from May 2018 through October 2018.

These same documents produced by Plaintiff fail to corroborate the Statement of Claim in any conceivable way. For instance, Plaintiff's Statement of Claim states that he was

---

[1] Plaintiff was not even hired by Defendants until February 2016. Accordingly, Plaintiff is seeking over four (4) months of wages for this time period in which he never even worked.

[2] Plaintiff is not owed any compensation whatsoever from July 1, 2016, through July 10, 2016.

2

*consistently* paid at least ten (10) hours at his overtime hourly rate, during each second alternating week. *D. E. 1, D.E.* 9. In fact, while documents produced by Plaintiff himself show that Defendants paid Plaintiff for hours worked in excess of forty (40) at his overtime hourly rate, *none* of the pay periods indicate that Defendants paid Plaintiff ten (10) hours at his overtime hourly rate because Plaintiff never worked ten (10) hours of overtime.

Finally, based on information and belief and other documents currently in Defendants' possession, Plaintiff's Statement of Claim misrepresents the hours he worked while he was employed by the Defendants. Defendants deny that Plaintiff was not properly paid for the hours that he worked in excess of forty (40) hours per week in 2016, 2017 and 2018. Accordingly, Defendants deny that Plaintiff is owed $75,776.00, attorney's fees, costs, or any compensation whatsoever. Defendants intend to demonstrate that Plaintiff's Complaint is riddled with inaccurate statements, inconsistencies, and misrepresentations regarding the hours Plaintiff worked while he was employed by Defendants.

Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, RICARDO MARTINEZ, and JANETTE MARTINEZ, respectfully reserve the right to amend and/or provide further documents to Plaintiff as they become available and/or necessary during the course of litigation.

**Dated this 20th day of November 20, 2018.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
*Counsel for Defendants*

By: /s/ *Melissa Scott*
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
livia@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was filed and served on all parties listed below via CM/ECF on November 20, 2018.

By: /s/ *Melissa Scott*
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
zabogado@aol.com
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
Ntobak.zidellpa@gmail.com
**RIVKAH F. JAFF, ESQUIRE**
Florida Bar No. 107511
Rivkah.jaff@gmail.com
J. H. ZIDELL, P.A.
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
*Counsel for Plaintiff*