UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-24532-MGC

JOSE ANTONIO GOVANTES, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

UNLIMITED HEIGHTS SCAFFOLD
SERVICES, LLC,
RICARDO MARTINEZ,
JANETTE MARTINEZ,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, RICARDO MARTINEZ, and JANETTE MARTINEZ (collectively referred to hereinafter as "Defendants") by and though the undersigned counsel and pursuant to *Fed. R. Civ. P. 12*, hereby filed their Motion for Judgment on the Pleadings as follows:

    **I.**    **FACTS**

Plaintiff, JOSE ANTONIO GOVANTES (hereinafter "Plaintiff"), filed his Complaint against Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, ("Unlimited Heights"), RICARDO MARTINEZ ("Mr. Martinez"), and JANETTE MARTINEZ ("Mrs. Martinez") (collectively referred to as Defendants) on October 29, 2018. *D.E. 1.* Plaintiff's Complaint alleges that Defendants purportedly violated the overtime provisions of the Fair Labor Standards Act ("FLSA") during time periods in which Plaintiff alleges himself to have worked for Defendants. *Id.* On November 26, 2018, rather than contest the sufficiency of allegations within Plaintiff's Complaint under Rule 12(b)(6), the Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint and asserted Plaintiff's failure to establish a claim as an affirmative defense. *D.E. 17.* The pleadings are now closed and the deadline to amend pleadings has expired. *D.E. 1; D.E. 11; D.E. 17.* As set forth fully below, Plaintiff's Complaint fails to state a claim under the FLSA as it fails to allege any basis to support a finding of enterprise coverage under the FLSA. Plaintiff has not otherwise alleged individual coverage under the FLSA and Plaintiff blatantly ignores this circuit's clear

precedent on the pleading standards for enterprise coverage. Accordingly, Defendants respectfully request that this Honorable Court immediately enter judgment on the pleadings in favor of Defendants and against Plaintiff.

## II.     MEMORANDUM OF LAW

### a.  Motion for Judgment on the Pleadings

Pursuant to Rule 12(c), after the pleadings are closed a party may move for judgment on the pleadings. *Fed. R. Civ. P. 12(c).* Pleadings are closed after an answer has been filed. *Fed. R. Civ. P. 7.* **The standard of review for a motion for judgment on the pleadings is almost identical to the standard used to decide motions to dismiss**. *See, e.g.,* Lehman Brothers Holdings, Inc., 2013 WL 12101113, at *2 *citing* Doe v. Bd. of Cnty. Comm'rs, Palm Beach Cnty., Fla., 815 F.Supp. 1448, 1449 (S.D. Fla. 1992) *citing* Miami Herald Pub. Co. v. Ferre, 636 F.Supp. 970, 974 (S.D. Fla. 1985). In adjudicating a motion for judgment on the pleadings, all facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. *See, e.g.,* Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005) *citing* Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001).

### b.  Enterprise Coverage

In order to be eligible for FLSA overtime [or minimum wage], an employee must first demonstrate that he or she is "covered" by the FLSA. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). There are two possible types of FLSA coverage: enterprise coverage and individual coverage. *Id.* While there is no heightened pleading requirement under *Fed. R. Civ. P. 8* to allege coverage under the FLSA, a plaintiff must nevertheless provide straightforward allegations as to the nature of the work, the nature of his employer's business, and attempt to connect the work he performs to interstate commerce. *See, e.g.,* Ceant v. Aventura Limousine & Transp. Service, Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012) (Granting motion to dismiss for failure to adequately allege factual allegations giving rise to enterprise or individual coverage). **Mere legal conclusions and recitation of the statutory language requires dismissal.** *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *3 (S.D. Fla. 2011) (Plaintiff's allegation that "during her employment with defendant, she was engaged in commerce or in the production of goods for commerce" was a mere conclusion and recitation of the statutory language and therefore insufficient as a matter of law); *see, also,* Shainberg v. Urological Consultants of South Florida,

P.A., 2012 WL 3062292 at *3 (S.D. Fla. 2012) *citing* Rushton v. Eye Consultants of Bonita Springs, 2011 WL 2601245 (M.D. Fla. 2011) (Mere recitation of statutory elements is insufficient to state a claim); Rivera v. Deer Run Realty & Mgmt., Inc., 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (dismissing case for failure to adequately plead a factual basis to establish enterprise or individual liability under the FLSA).

Moreover, in order to establish enterprise coverage, a plaintiff must demonstrate through sufficient factual allegations that he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* A business is not "engaged in the production of goods for commerce" unless the plaintiff can actually demonstrate that he produces goods. *See, e.g.,* Cassanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (employee was not engaged in the production of goods for commerce because his duties simply involved assisting in the construction of a house and performing miscellaneous maintenance work). Indeed, enterprise coverage requires a showing that the employer:

> (a) Has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **_AND_**
>
> (b) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*29 U.S.C. § 203(s)* (emphasis added).

The first requirement the Plaintiff must satisfy to establish enterprise coverage is that the Defendant routinely purchases goods or materials sold or otherwise worked on by two employees directly from across state lines. *See, e.g.,* Galdames v. N&D Investment Corp., 2008 WL 4372889, at *4 (S.D. Fla. 2008) (emphasizing importance of purchase of equipment and supplies from out-of-state suppliers in proving enterprise coverage). However, the "handling clause" extends to not only production of goods, but materials as well. *See, e.g.,* Rodriguez v. Gold Star, Inc., 858 F.3d 1368, 1369 (11th Cir. 2017).

3

### i. Plaintiff Has Failed to Sufficiently Allege Enterprise Coverage Under the FLSA Within his Pleadings

Aside from the legally conclusive allegations and statutory recitations within his Complaint, the Plaintiff includes no allegations whatsoever as to any of the goods or materials that Plaintiff or any of Defendants' other employees handled or moved across state lines during the relevant time period. *D.E. 1*. Earning the requisite income, while necessary, is insufficient, standing alone, to invoke enterprise liability under the FLSA, which, accordingly, deprives a Court of subject matter jurisdiction. *See, e.g.,* Rivera, 2015 WL 487861, at *2 n. 1 (M.D. Fla. 2015) (case dismissed although it was undisputed that the employer met the income threshold). Here, Plaintiff does not allege himself to have used or handled any specific "goods" or "materials" during any times pertinent to his employment and has otherwise failed to adequately plead any factual basis to establish coverage against these Defendants under the FLSA. *D.E. 1*. In fact, the only allegation set forth by Plaintiff regarding enterprise coverage is the following:

> 11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.
>
> 12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

*D.E. 1, ¶¶ 11-12.*

Plaintiff does not include any other factual allegations aside from these bare legal conclusions and does not specifically allege any facts describing Defendant and/or

Defendants' business activities. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1369 (granting motion to dismiss because plaintiff failed to state more than bare legal conclusions in his claim for enterprise coverage under the FLSA) *citing* Perez, 2011 WL 845818 at *1-2 (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff only alleged that defendant "is an enterprise engaged in an industry affecting commerce").

In Gonzalez, 820 F.Supp.2d at 1368, Magistrate Judge Goodman dismissed an FLSA complaint (filed by the very same plaintiff's counsel in this case) on the following basis:

> Plaintiff's complaint is devoid of any allegations describing the type of business activities in which defendants are engaged and for what purpose. Instead, plaintiff has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations.

*Id.* at 1370.

In another FLSA overtime case, Judge Scola cited Magistrate Judge Goodman's ruling in Gonzalez, 820 F.Supp.2d at 1370, as a basis to dismiss another insufficient complaint also filed by this plaintiff's counsel. *See, e.g.,* Dimingo v. Midnight Xpress, Inc., et. al., 2017 WL 5564606, at *2 (S.D. Fla. 2017) *citing* Gonzalez, 820 F.Supp.2d at 1370. Within his order of dismissal, Judge Scola included the following language:

> Magistrate Judge Goodman dismissed a complaint filed by Plaintiff's counsel because 'Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations.' 820 F.Supp.2d at 1370. Yet rather than file an amended complaint in response to the Defendants' motion to dismiss citing this case law, the Plaintiff instead filed a fourteen-page response arguing that he has, in fact, adequately pleaded his claim. (Resp. ECF No. 22). He has not. The Court reminds Plaintiff's counsel that they must comply with the requirements of Federal Rule of Civil Procedure 11(b), which states, in relevant part, that by presenting a pleading, written motion, or other paper to the Court, the attorney certifies that 'it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,' and that 'the claims, defenses, and other legal contentions are warranted by existing law…'

*See, e.g.,* Dimingo, 2017 WL 5564606, at *2 *citing* Gonzalez, 820 F.Supp.2d at 1370.

Other Courts within the Southern District of Florida have also previously dismissed FLSA complaints filed by Plaintiff's counsel that contain the same legally conclusory language that appears in this Plaintiff's Complaint. *See, e.g.,* Peralta v. Greco Intern. Corp., 2011 WL 5178274 at *3 (S.D. Fla. 2011). In Peralta, 2011 WL 5178274 at *3, Judge Altonaga held that plaintiff's allegations concerning enterprise coverage did not contain sufficient facts to show that Defendants have engaged in interstate commerce. *Id.*

On April 11, 2018, Judge Altonaga held oral argument in another FLSA lawsuit filed by Plaintiff's counsel on a motion to dismiss the complaint. *See, e.g.,* Perez v. Ortsac Management LLC, *S.D. Fla. Case No. 1:18-cv-20630-CMA at D.E. 43, D.E. 44.* Within Judge Altonaga's ruling to dismiss the Complaint, the Court ordered Rivkah Jaff, Esquire to advise J.H. Zidell, Esquire that insufficient FLSA complaints will no longer be tolerated in the Southern District of Florida.[1] Because dismissal was sought under Rule 12(b)(6), Judge Altonaga did not enter a dismissal with prejudice and allowed the Plaintiff in Perez, one final opportunity to amend the Complaint.

Here, dismissal is not sought under Rule 12(b)(6) but the same standard of review nevertheless applies. Defendants seek judgment on the pleadings for Plaintiff's failure to set forth a claim within their Complaint. The deadline to amend pleadings has passed and there is, most respectfully, no basis on which the Court should permit further amendment to the pleadings. Plaintiff has clearly failed to properly allege enterprise coverage. His Complaint should, most respectfully, be dismissed.

### c. Individual Coverage

Plaintiff fails to include any allegations whatsoever to establish individual coverage under the FLSA. *D.E 1.* An employee is subject to individual coverage under the FLSA only if he is "*directly* and *regularly* engaged in interstate commerce" [emphasis added]. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011). In other words, to satisfy individual coverage, the plaintiff **must** be directly participating in the actual

---

[1] Defendants have ordered the transcript for the April 11, 2018, hearing before Judge Altonaga and will file the transcript of this hearing with this Honorable Court as soon as it becomes available.

movement of persons or things in interstate commerce by (i) working for an instrumentality of commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.  *See, e.g.,* Josendis, 662 F.3d at 1315-16 *citing* Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006); McLeod v. Threslkeld, 319 U.S. 491, 493-98 (1943); *see, also,* Casanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (no individual coverage where plaintiff purchased supplies that moved through interstate commerce to undertake his employment with home remodeling company); Thompson v. Robinson, Inc., 2007 WL 2714091 (M.D. Fla. 2007) (no individual coverage where cook prepared foods that originated in another state).  In order to demonstrate individual coverage under the FLSA, a plaintiff must provide straightforward allegations connecting the work he performs for his employer to *interstate* commerce.  *See, e.g.,* Attai, 2016 WL 828816 at *3 *citing* Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012).

Here, Plaintiff fails to include sufficient allegations relative to individual coverage.  *D.E. 1.*  Plaintiff merely alleges that he "worked for Defendants a as a construction worker."  *D.E. 1, ¶10.*  Aside from this barebones allegation, Plaintiff has not demonstrated how his work is so closely related to an instrumentality of commerce such that individual coverage is appropriate in this case.  Likewise, there are no specific allegations as to how the services Plaintiff provided Defendants constitute interstate commerce, and Plaintiff fails to even allege which specific instrumentalities of interstate commerce he used in the normal day-to-day duties he performed while employed by Defendants.  *D.E. 1.*  The pleadings submitted by Plaintiff fail to establish individual coverage as a matter of law and judgment should be entered for Defendants.

### III.     CONCLUSION

Plaintiff has failed to set forth a claim for overtime violations under the FLSA as a matter of law.  The pleadings are closed and the deadline to amend pleadings has expired.  Defendants respectfully request that this Honorable Court enter judgment in their favor immediately and against Plaintiff.

Dated this 6th day of December, 2018.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Defendants*

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
livia@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was filed and served on all parties listed below via CM/ECF on December 6, 2018.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
zabogado@aol.com
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
Ntobak.zidellpa@gmail.com
**RIVKAH F. JAFF, ESQUIRE**
Florida Bar No. 107511
Rivkah.jaff@gmail.com
J. H. ZIDELL, P.A.
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
*Counsel for Plaintiff*