UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-24532-MGC

JOSE ANTONIO GOVANTES, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

UNLIMITED HEIGHTS SCAFFOLD
SERVICES, LLC,
RICARDO MARTINEZ,
JANETTE MARTINEZ,

    Defendants.
_____/

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, RICARDO MARTINEZ, and JANETTE MARTINEZ (collectively referred to hereinafter as "Defendants") by and though the undersigned counsel, hereby filed their Reply in Support of Motion for Judgment on the Pleadings as follows:

    **I.**    **FACTS**

On December 6, 2018, Defendants filed their Motion for Judgment on the Pleadings (hereinafter "the Motion"). *D.E. 18*. The Motion very narrowly attacks the sufficiency of Plaintiff's allegations concerning the interstate commerce prong of enterprise coverage under the FLSA. *Id.* On December 20, 2018, Plaintiff filed a twenty-one (21) page Response in Opposition to the Motion for Judgment on the Pleadings. *D.E. 24.* Plaintiff's Response is unnecessarily repetitive and fails to identify a single reason why this Honorable Court should not grant the relief sought by Defendants. *Id.* Plaintiff first incorrectly argues that Defendants have waived any "gotcha" arguments relative to the sufficiency of the Complaint because they did not file a Rule 12(b)(6) motion. *D.E. 24, p. 5, n. 3.* This is a misstatement of the law. Defendants have properly challenged the sufficiency of Plaintiff's Complaint under Rule 12(c) which clearly incorporates the same standard of review applied under Rule 12(b)(6). Plaintiff also unconvincingly argues that his service of discovery requests to Defendants is somehow relevant to the issue of whether the Complaint has sufficiently alleged a cause of action under

the FLSA. *D.E. 24, pp. 3-4.* This argument is a red herring and ignores the standard of review applied to motions for judgment on the pleadings. Even worse, this argument completely ignores other rulings within the Southern District of Florida relative to discovery and the sufficiency of allegations within complaints in other FLSA cases filed by Plaintiff's own counsel. Incredibly, Plaintiff argues that this Honorable Court should go *beyond* the four corners of his Complaint to resolve the instant motion because Plaintiff failed to comply with the pleading requirements.[1]  *Id.* Throughout the entirety of his Response, Plaintiff fails to demonstrate how his Complaint, as drafted, states a claim for enterprise coverage under the FLSA. Defendants are, most respectfully, entitled to an immediate judgment on the pleadings.

## II. MEMORANDUM OF LAW

### a. Motion for Judgment on the Pleadings is Governed by the Same Standard as a Rule 12(b)(6) Motion

Plaintiff curiously argues that Defendants have waived their sufficiency arguments because they did not file a motion to dismiss under Rule 12(b)(6). *D.E. 24.* However, Plaintiff's Response **concedes** the following legal principle:

> A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss.

*D.E. 24, p. 6 citing* Hawthorne v. Mac Adjustmnet, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

To be perfectly clear, Plaintiff had an opportunity to amend his pleadings to comply with the pleading requirements. He did not. Accordingly, Plaintiff's Complaint is subject to the same level of scrutiny applied to FLSA cases under Rule 12(b)(6). Plaintiff's failure to comply with pleading requirements warrants immediate dismissal of his FLSA claim.

---

[1] In addition to raising the discovery requests he served on Defendants, Plaintiff also argues (multiple times) that the Defendants' stipulation (in a deposition) to the $500,000 revenue threshold under the FLSA is somehow dispositive on the issue of whether or not the Plaintiff has sufficiently alleged enterprise coverage in this case. *D.E. 24, p. 2.* This argument is procedurally improper and legally unsound.

### b. Plaintiff Has Failed to Sufficiently Allege Enterprise Coverage Under the FLSA

Within the Motion, Defendants never challenged the sufficiency of allegations concerning the *monetary threshold requirements* under the FLSA. D.E. 18. Plaintiff nevertheless spends a considerable amount of time within his Response addressing this issue and submitting repetitive arguments on this point. These arguments concerning the jurisdictional threshold amount of revenue are a waste of time and deserve no reply whatsoever.

On the other hand, concerning the sufficiency of interstate commerce allegations, Plaintiff argues that "[i]n particular, Paras. 11-12 of the Complaint allege interstate commerce…" D.E. 24, p. 14.

To be clear, Paragraphs 11-12 of Plaintiff' Complaint only state the following:

> 11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.
>
> 12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

D.E. 1, ¶¶ 11-12.

Plaintiff argues that these two (2) paragraphs alone sufficiently allege interstate commerce – **an argument that has been consistently rejected by multiple other courts within the Southern District of Florida**. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1369 (Magistrate Judge Goodman granted motion to dismiss because plaintiff failed to state more than bare legal conclusions in his claim for enterprise coverage under the FLSA) *citing* Perez,

2011 WL 845818 at *1-2 (Court dismissed complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff only alleged that defendant "is an enterprise engaged in an industry affecting commerce"); Dimingo v. Midnight Xpress, Inc., et. al., 2017 WL 5564606, at *2 (S.D. Fla. 2017) (Court dismissed FLSA Complaint for failure to satisfy pleading requirements) *citing* Gonzalez, 820 F.Supp.2d at 1370; Peralta v. Greco Intern. Corp., 2011 WL 5178274 at *3 (S.D. Fla. 2011) (Judge Altonaga dismissed plaintiff's allegations concerning enterprise coverage in FLSA case); Perez v. Ortsac Management LLC, *S.D. Fla. Case No. 1:18-cv-20630-CMA at D.E. 43, D.E. 44* (Judge Altonaga dismissed Complaint for failure to allege enterprise coverage in FLSA case).

Notably, Plaintiff has chosen to not address a single one of these cases cited within the Motion, notwithstanding his own counsel's appearance as counsel of record in the vast majority of the aforementioned cases. *Id.* Plaintiff only argues that he should be permitted the opportunity to engage in discovery to obtain information that is not even pled within his Complaint – namely the goods and/or materials actually used by Plaintiff and/or Defendants' employees on a day-to-day basis. *Id.* This argument also runs afoul of prior rulings from Southern District of Florida courts on this very issue. *See, e.g.,* Attai v. Delivery Dudes, LLC, 2016 WL 828816, at *4 (S.D. Fla. 2016) (While discovery undoubtedly reveals a more intimate picture of an affiliation between parties, a Plaintiff is, nevertheless, obligated to introduce a modicum of factual allegations, accepted as true, which allow for the conclusion that the Defendants are subject to FLSA coverage) *citing* Gonzalez, 820 F.Supp.2d at 1368.

### c. Plaintiff's Citation to Other Out-of-Circuit Cases and Previous Decisions Issued by this Court are Not on Point

Rather than address the above cases involving his own counsel, Plaintiff cites non-binding cases from other circuits in an attempt to circumvent the pleading requirements set forth by the Southern District of Florida. *D.E. 24, p. 12, n. 6.* These out-of-circuit cases cited by Plaintiff are non-binding and unpersuasive at best. Plaintiff also cites Moreno v. Ferretti Group of America, LLC, et. al., 2011 WL 4499031 (S.D. Fla. 2011), to argue that FLSA coverage should be appropriately addressed in summary judgment pleadings after adequate discovery has been taken. *D.E. 24, p. 11.* However, the cases relied upon by Defendants in the Motion were all decided *after* the Moreno, 2011 WL 4499031, decision, and the defendants in

Moreno, 2011 WL 4499031 did not rely upon the authority presented by Defendants in this case. *Id.*

### d. Individual Coverage

Plaintiff's Response fails to point to any allegation within his Complaint concerning individual coverage because none exist. *D.E. 1.* Indeed, Plaintiff's Response is devoid of any arguments even remotely related to individual coverage. *D.E. 24.* Individual coverage is simply not alleged in the Complaint. *D.E. 1; D.E. 18.* Accordingly, this Court should enter judgment for Defendants immediately.

### e. Plaintiff Misapplies the Rationale and Holding from *Labbe, 319 Fed.Appx. 761 (11th Cir. 2008)*

Plaintiff cites Labbe, 319 Fed. Appx. 761 (11th Cir. 2008), in furtherance of his argument that he has sufficiently alleged enterprise coverage under the FLSA. *D.E. 24.* One year after the Eleventh Circuit Court of Appeals decided Labbe, 319 Fed. Appx. 761 (11th Cir. 2008), the United States Supreme Court issued its ruling in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A plaintiff is required "to articulate enough facts to state a claim to relief that is plausible on its face"). *Id.* Courts within the Southern District of Florida have since clarified the limited application of Labbe when determining the sufficiency of allegations concerning enterprise and individual coverage within a plaintiff's FLSA complaint. The Labbe, opinion was issued *prior* to the Supreme Court's decision in Iqbal, and the application of Labbe is therefore limited to the issue of whether a complaint contains allegations sufficient for the defendant to determine whether any of the plaintiff's claims were **time barred** [emphasis added]. *See, e.g.,* Posso v. Rent-A-Car of Ft. Lauderdale, Inc., 2013 WL 12157799 at *2 *citing* Labbe, 319 Fed.Appx. at 763-64; *see, also,* Burge, 212 WL 4356815, at *3.

In Perez v. Muab, Inc., 2011 WL 845818, at *2 (S.D. Fla. 2011), a few short years after the Eleventh Circuit issued its ruling in Labbe, Judge Cohn considered the application of Labbe in the context of a Rule 12(b)(6) analysis, and held as follows:

> The Court concludes that *Labbe*, an action brought by the Secretary of Labor, does not control the instant decision because it merely stated that "the complaint alleges that Labbe is a covered employer," without discussing whether the particular jurisdictional allegations made in that action were sufficient.

*See, e.g.,* Perez, 2011 WL 845818, at *2.

5

Two years later, in Posso, 2013 WL 12157799 at *2, Judge Scola further clarified the limited application of Labbe and held that when defendants challenge the sufficiency of enterprise and individual coverage allegations in an FLSA complaint, a plaintiff's invocation of Labbe is inapplicable to overcome pleading requirements. *Id.* In granting the defendant's Rule 12(b)(6) motion, Judge Scola specifically reasoned that the plaintiff failed to provide sufficient facts to properly allege individual or enterprise coverage requirements under the FLSA. *Id.*

Here, there is no basis whatsoever for Plaintiff to even argue the application of Labbe, 319 Fed.Appx. 761. Plaintiff has failed to make any argument as to why this Honorable Court should reconsider the rulings of other courts within this jurisdiction. Accordingly, Defendants are entitled to judgment on the pleadings.

### III.  CONCLUSION

Defendants respectfully request that this Honorable Court enter judgment in their favor immediately and against Plaintiff.

WHEREFORE, Defendants, UNLIMITED HEIGHTS SCAFFOLD SERVICES, LLC, RICARDO MARTINEZ, and JANETTE MARTINEZ, respectfully request that this Honorable Court enter an Order: (a) granting the Motion for Judgment on the Pleadings; and (b) entering any and all such further relief as may be deemed just and appropriate under the circumstances.

### REQUEST FOR HEARING AND ORAL ARGUMENT

Pursuant to *S.D. Fla. L.R. 7.1(b)(2),* Defendants respectfully request that this Honorable Court set a thirty (30) minute hearing on the issues presented herein. Defendants believe that oral argument will assist in the swift adjudication of this dispositive motion and will provide the parties an opportunity to clearly present their arguments to this Honorable Court.

**Dated this 27th day of December, 2018.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Defendants*

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
livia@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion was filed and served on all parties listed below via CM/ECF on December 27, 2018.

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
zabogado@aol.com
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
Ntobak.zidellpa@gmail.com
**RIVKAH F. JAFF, ESQUIRE**
Florida Bar No. 107511
Rivkah.jaff@gmail.com
J. H. ZIDELL, P.A.
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
*Counsel for Plaintiff*